UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JERRY J. FOWLER and MICHELE FOWLER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CAUSE NO. 1:13-CV-126 |
| NEW WERNER CO. *d/b/a Werner Co., a Delaware corporation*; NEW WERNER HOLDING CO. (DE), LLC *d/b/a Werner Holding Co.*; LOWE'S COMPANIES, INC., *a North Carolina corporation*; and LOWE'S HOME CENTERS, INC., *a North Carolina corporation*; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This case was filed in this Court on April 22, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 1.)  Upon reviewing the original complaint, the Court found the allegations of Defendant New Werner Holding Co. (DE), LLC's ("Werner Holding") citizenship inadequate to establish diversity jurisdiction because Plaintiffs did not allege the citizenship of Werner Holding's *members*, which determines Werner Holding's citizenship.  (Docket # 3); *see Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (noting that "the citizenship of an LLC for purposes of [ ] diversity jurisdiction is the citizenship of its members").  As such, Plaintiffs were directed to file an amended complaint within twenty days (Docket # 3), which they subsequently did (Docket # 4).  The Amended Complaint alleges that "[u]pon information and belief, no member of Werner Holding is a citizen of Indiana.  Upon information and belief, the members of Werner Holding are citizens of New York, Illinois,

1

Delaware, Connecticut, and/or the United Kingdom." (Am. Compl. ¶ 4.)

The Amended Complaint, however, is still insufficient to establish Werner Holding's citizenship because it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Plaintiffs must amend their complaint to allege the citizenship of Werner Holding's members on personal knowledge rather than information and belief. And, rather than merely alleging that none of Werner Holding's members are Indiana citizens, and then alleging what those members' citizenships are without identifying them, Plaintiffs should affirmatively allege *who* Werner Holding's members are and what their citizenship is.

Therefore, Plaintiffs are ORDERED to supplement the record by filing a Second Amended Complaint on or before June 7, 2013, properly alleging on personal knowledge the members of Defendant New Werner Holding Co. (DE), LLC and their citizenship.

SO ORDERED.

Enter for this 24th day of May, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge