# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **JERRY J. FOWLER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:13-CV-126 |
| ) | |
| **NEW WERNER HOLDING CO., INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is a Joint Motion for Agreed Protective Order (Docket # 38), seeking approval of the Proposed Agreed Protective Order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c). As the proposed order has several deficiencies, it will be DENIED.

First, a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (noting that a broad protective order granting carte blanche discretion to a party is invalid); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the proposed order's definition of "Confidential Information" is vague and overly broad.

Specifically, the proposed order defines "Confidential Information" as "trade secrets and other information that is non-public, proprietary, or confidential information, the value of which

arises from its secrecy, or the disclosure of which . . . is believed in good faith by the production Party to have the potential for causing competitive harm to it or giving a competitive advantage to others." (Proposed Agreed Protective Order ¶ 2.) Of course, the terms "proprietary" and "confidential" are vague terms, falling short of properly demarcated categories. And as to term "non-public,"

> "Non-public" is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available. They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.

Second, the proposed order incorporates "fudge" terms (such as "believed in good faith" and "include, but are not limited to") that compound the vagueness of the proposed order even further and fail to properly fence in any categories of information. (Proposed Agreed Protective Order ¶¶ 2, 4); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Third, the proposed order fails to adequately explain why the material it seeks to protect is confidential. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Id.* (citing *Baxter Int'l, Inc. v.*

*Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

Fourth, the proposed order should seek to narrowly protect any confidential material through a method of redaction. *Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). The proposed order should provide for the contemporaneous public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal. Also, with respect to paragraph 26, the parties must first file Confidential Information "under seal" in accordance with the provisions of this protective order before the Clerk will maintain the Confidential Information under seal.

Fifth, paragraph 28 of the proposed order states that the Court will conduct proceedings involving Confidential Information under seal. But the Court is not willing at this juncture to agree to conduct any court proceedings under seal. Furthermore, paragraph 28 seems at odds with paragraph 30, which directs the parties to file a motion requesting that Confidential Information be considered *in camera* at a hearing or trial.

Finally, paragraph 34 of the proposed order states that it shall continue to be binding after the conclusion of the litigation. In that regard, the Court is unwilling to enter a protective

3

order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). That is, "[w]hat happens in federal courts is presumptively open to public scrutiny." *Id*. "People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials. Judicial proceedings are public rather than private property . . . ." *Union Oil Co. of Ca. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000).

Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. For these reasons, the Court DENIES approval of the proposed agreed protective order submitted by the parties. The parties may, however, submit a revised protective order that cures the identified deficiencies and is consistent with the

requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Enter for this 5th day of November, 2013.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge