UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JERRY J. FOWLER AND MICHELE FOWLER, <br><br> PLAINTIFFS, <br><br> vs. <br><br> WERNER CO. D/B/A NEW WERNER CO., A DELAWARE CORPORATION, NEW WERNER HOLDING CO. (DE), INC. F/K/A NEW WERNER HOLDING CO. (DE), LLC D/B/A WERNER HOLDING CO., A DELAWARE CORPORATION, LOWE'S COMPANIES, INC., A NORTH CAROLINA CORPORATION, AND LOWE'S HOME CENTERS, INC., A NORTH CAROLINA CORPORATION, <br><br> DEFENDANTS. | CAUSE NO. 1:13-CV-126-RLM-RBC |

OPINION and ORDER

This matter is before the court on a partial motion to dismiss filed by defendants Lowe's Companies, Inc. and Lowe's Home Centers, Inc. The Lowe's defendants argue that several of the claims asserted by plaintiffs Jerry Fowler and Michele Fowler fail to state a claim upon which relief may be granted. The Fowlers oppose the motion.

In July 2007, the Fowlers purchased a Type III six-foot aluminum Werner step ladder from the Lowe's store located on Highway 14 in Fort Wayne. On April 29, 2011, Mr. Fowler used the ladder for a painting project. During the course of the project, he claims the ladder's spreader or spreader arm

broke causing him to fall onto the ladder and the ground. As a result of the fall, Mr. Fowler sustained physical injuries, including broken ribs, a lacerated spleen, damaged kidneys, and damaged vertebrae. The Fowlers allege that the Lowe's defendants are liable for their injuries pursuant to the Indiana Product Liability Act and common law theories of negligence, gross negligence, and/or recklessness. The Fowlers also assert a claim under the Indiana Consumer Protection Act.

A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows dismissal when the plaintiff fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When evaluating a Rule 12(b)(6) motion to dismiss, the court views the complaint in the light most favorable to the plaintiff by accepting all well-pleaded factual allegations to be true and drawing all inferences in the plaintiff's favor. AnchorBank, FSB v. Hofer, 649 F.3d 610, 614 (7th Cir. 2011).

The Lowe's defendants argue that the following claims should be dismissed: (1) any claim under common law theories of negligence, gross negligence, and/or recklessness; (2) the Indiana Consumer Protection Act

claim; (3) the strict liability claim under the Indiana Product Liability Act; and (4) a post-sale duty to warn or recall claim.

To begin with, the Lowe's defendants argue that they can't be liable under common law theories of negligence, gross negligence, or recklessness because the Indiana Product Liability Act subsumes these claims. The Fowlers concede the point in their response. The Indiana Product Liability Act governs "all product liability actions, whether the theory of liability is negligence or strict liability in tort." Stegmoller v. ACandS, Inc., 767 N.E.2d 974, 975 (Ind. 2002). To the extent the complaint asserts common law claims of negligence, gross negligence, or recklessness, those claims must be dismissed.

Similarly, the Lowe's defendants argue that the Fowlers can't assert a claim under the Indiana Consumer Protection Act because the Indiana Product Liability Act subsumes such a claim. The Product Liability Act "shall not be construed to limit any other action from being brought against a seller of a product." IND. CODE § 34-20-1-2. In B & B Paint Corp. v. Shrock Manufacturing, Inc., 568 N.E.2d 1017 (Ind. Ct. App. 1991), the Indiana court of appeals held that the Product Liability Act didn't vitiate the provisions of the Uniform Commercial Code, and the plaintiff "was entitled to bring a cause of action based on breach of implied warranty under the UCC." Id. at 1020. Although, the plaintiff might have been able to bring its action under either cause of action, a UCC breach of warranty cause of action was separate and distinct from a strict product liability cause of action. Id. Similarly, the

Consumer Protection Act is a separate and distinct cause of action from a Product Liability Act cause of action. The Consumer Protection Act protects consumers from suppliers who commit deceptive and unconscionable sales acts, IND. CODE § 24-5-0.5-1, *et seq.*, while the Product Liability Act protects consumers from defective and unreasonably dangerous products that cause physical harm. IND. CODE § 34-20-2-1. The Acts provide alternative remedies, and consequently, the Product Liability Act doesn't subsume the Consumer Protection Act.

In reply, the Lowe's defendants argue that the substance of the complaint is negligence and the Fowlers haven't alleged any facts that would support a Consumer Protection Act claim. As the Lowe's defendants point out, the Act lists 37 deceptive acts. A cursory glance at the statute doesn't immediately reveal which type of deceptive act the Fowlers intend to allege occurred, but the Fowlers haven't had a chance to respond to this argument, which was first raised in the reply brief. So, the Lowe's defendants waived the argument, Carter v. Tennant Co., 383 F.3d 673, 679 (7th Cir. 2004), and the court makes no finding on the sufficiency of the complaint's allegations of a claim under the Consumer Protection Act.

Next, the Lowe's defendants argue that under the Indiana Product Liability Act, they can't be strictly liable because they aren't manufacturers. Under the Act, "[a] product liability action based on the doctrine of strict liability in tort may not be commenced or maintained against a seller of a

product that is alleged to contain or possess a defective condition unreasonably dangerous to the user or consumer unless the seller is a manufacturer of the product or of the part of the product alleged to be defective." IND. CODE § 34-20-2-3. Thus, the Lowe's defendants argue that under the Act, only a manufacturer and not a seller can be strictly liable for a defective product. The Fowlers point to the next section of the statute, titled *Principal Distributor or Seller Deemed Manufacturer* that states: "If a court is unable to hold jurisdiction over a particular manufacturer of a product or part of a product alleged to be defective, then that manufacturer's principal distributor or seller over whom a court may hold jurisdiction shall be considered, for the purposes of this chapter, the manufacturer of the product." IND. CODE § 34-20-2-4. So a seller that is statutorily deemed a manufacturer can be held strictly liable. In Kennedy v. Guess, Inc., 806 N.E.2d 776 (Ind. 2004), the plaintiffs tried unsuccessfully to serve process on a manufacturer located in Hong Kong. Id. at 781. The plaintiffs argued that the court didn't hold jurisdiction over the manufacturer because it was no longer in business and also didn't have contacts with the state. Id. The defendants argued that the lack of service was due to a less than diligent effort on the part of the plaintiffs. Id. The Indiana Supreme Court held that, while the evidence wasn't "especially impressive," whether the sellers were manufacturers under the Act was a genuine issue of material fact and that summary judgment wasn't appropriate. Id.

The Fowlers argue that the actual manufacturer, Old Werner, filed for bankruptcy in 2006 and no longer exists, so the court can't hold jurisdiction over it. The Fowlers contend that the Lowe's defendants can be considered a primary seller because, according to a Consumer Product Safety Commission investigation, Lowe's stores were the primary means of distribution for Werner ladders in 2008. The Lowe's defendants reply that Old Werner still exists and claim that they provided the Fowlers with the current address for the bankrupt corporation, the place where it can be served process, and the contact information for the liquidating trustee. Because the Fowlers haven't tried to pursue an action against the bankrupt manufacturer, the Lowe's defendants argue that the Fowlers can't assert that the court is unable to hold jurisdiction over Old Werner. But when evaluating a motion to dismiss, the court must draw all reasonable inferences in the plaintiff's favor. So for the purpose of this motion, the court assumes that the bankrupt manufacturer doesn't exist and that Lowe's stores were the principal distributor or seller of Werner ladders. It's possible that the Lowe's defendants might be considered a manufacturer under the Product Liability Act and consequently, be held strictly liable.

Finally, the Lowe's defendants argue that they can't be liable for a post-sale duty to warn because Indiana law doesn't recognize such a claim. The Lowe's defendants assert that in <u>Tober v. Graco Children's Products, Inc.</u>, 431 F.3d 572 (7th Cir. 2005), the court of appeals concluded that Indiana courts haven't recognized a claim for post-sale duty to warn under the Indiana

Product Liability Act. Id. at 579. The Fowlers contend that the Tober decision, issued in December 2005, didn't consider Cox v. Paul, 828 N.E.2d 907 (Ind. 2005), issued in June 2005, in which the Indiana Supreme Court held that a health care provider who receives notice of possible dangerous side effects of a treatment may be liable for failure to make reasonable efforts to warn a patient who received the treatment from the provider. Id. at 909. The Cox decision, the Fowlers argue, strongly indicates that the Indiana Supreme Court would construe the Product Liability Act to require post-sale warnings. The Lowe's defendants contend that the Cox decision is distinguishable from the facts at hand because the physician-patient relationship is unique, and Lowe's stores don't have that type of relationship with customers who purchase ladders. The Lowe's defendants argue that a physician maintains records and can contact patients, but Lowe's doesn't maintain records or contact information for customers who purchase ladders. The court agrees. The type of failure to warn cause of action the court recognized in Cox arose in the dramatically different context of a physician-patient relationship. As the court of appeals found in Tober, 431 F.3d at 579, Indiana courts haven't recognized a post-sale duty to warn under the Indiana Product Liability Act, so the Fowlers' claim that the Lowe's defendants are liable for breach of a post-sale duty to warn is a claim upon which relief can't be granted.

For these reasons, the Lowe's defendants' partial motion to dismiss (Doc. No. 31) is GRANTED with respect to the plaintiffs' claims that assert common

law theories of negligence, gross negligence, or recklessness and a post-sale duty to warn and is DENIED with respect to the plaintiffs' Indiana Consumer Protection Act claim and Indiana Product Liability Act strict liability claim. The plaintiffs' other Product Liability Act claims remain unaffected.

SO ORDERED.

ENTERED:  June 10, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court